ANGELINA CARRIÓN, tercerista apelante, MARCELINO QUIÑONES, SABINA LANZOT Y SOTERO PIZARRO, demandantes y apelados, v. JUANA MALDONADO CARMONA, como heredera de RAMÓN SOEGAARD, demandada.

No. 4800.—*Sometido:* Febrero 18, 1929. *Resuelto:* Febrero 27, 1929.

*R. García Mujica,* abogado de la apelante; *R. Cuevas Zequeira* y *Harry B. Llensa,* abogados de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El 14 de noviembre último se solicitó la desestimación del recurso de apelación establecido en este caso por frívolo y académico. La apelante se opuso. Y la corte declaró sin lugar la moción el 11 de diciembre siguiente por falta de base para considerar la cuestion suscitada.

El 17 de diciembre 1928 la tercerista apelante radicó una llamada "transcripción de los autos y evidencia" compuesta de 52 páginas en maquinilla. Al final aparece una certificación del secretario de la corte de distrito que dice:

"CERTIFICO:—Que he examinado cada una y todas las alegaciones que se copian en la presente transcripción de autos y evidencia, que se componen de 46 páginas, y dichas alegaciones son copias fieles y exactas de sus originales que obran en los autos de su creación y que se hallan archivados en esta Secretaría a mi cargo."

Como puede verse, la certificación sólo comprende hasta

la página 46. Las páginas 47 a 51 inclusives comprenden una "transcripción del récord taquigráfico"—declaraciones de Angelina Carrión y Eloy Ruiz—certificada por el taquígrafo Carmelo G. Pérez, que no fué sometida al juez sentenciador para su aprobación.

El once de enero de 1929 la tercerista-apelante presentó su alegato. En él se señalan tres errores, a saber: 1, que la corte erró al declarar que la sección once de la Ley de Tercerías de 1907 establece un plazo fatal para la comparecencia; 2, que la corte erró al concluir que lo mismo que la tercerista recibió la notificación de la sentencia, debió recibir la notificación de haberse radicado la reclamación de tercería por el márshal; y 3, que la corte cometió error manifiesto al apreciar la prueba producida por la tercerista, así como al dejar de ejercitar en favor de la apelante la facultad que le concede el artículo 140 del Código de Enjuiciamiento Civil.

█ Así las cosas, los demandantes en el pleito en que surgió la tercería, apelados aquí presentaron una moción solicitando la eliminación del récord taquígrafo por no haber cumplido la apelante con las disposiciones de la Ley No. 27 de 1917, y la desestimación del recurso una vez decretada la eliminación. Señalada la vista de la moción para el 18 de febrero actual, sólo compareció la parte apelada.

Que la eliminación procede es tan claro que no cabe discutirlo. No basta que el taquígrafo certifique. Es necesario dar intervención a la parte contraria y precisa que sea aprobada por el juez sentenciador, para que pueda elevarse como documento auténtico al Supremo. Y nada de eso se hizo aquí.

█ Eliminada la transcripción de la evidencia ¿queda esta corte en condiciones de resolver el recurso?

En tanto en cuanto pueda esta corte entrar en el examen de los autos dada la forma fraccionada en que han sido radicados, de ellos podría deducirse que Marcelino Quiñones y otros siguieron un pleito de filiación contra Juana Maldo-

nado. Dictada sentencia favorable a los demandantes, al tratar de cobrar las costas se embargaron varias vacas como de la propiedad de la demandada.

En agosto 14, 1928, Angelina Carrión, la apelante aquí, dirigió un escrito al márshal reclamando como suyas las vacas embargadas. Prestó fianza y el márshal le entregó los bienes. El márshal archivó las diligencias en la corte y así lo comunicó el secretario de ésta a todas las partes el 19 de septiembre de 1928.

El 27 de septiembre de 1928 los demandantes en el pleito se personaron en la tercería y el 1º. de octubre siguiente volvieron a comparecer para solicitar de la corte que desestimara la tercería por no haber comparecido la tercerista dentro del plazo de ley a formular su reclamación. La corte accedió por sentencia de octubre 2, 1928.

El 9 del propio octubre compareció la tercerista y pidió a la corte que la eximiera de los efectos de la sentencia del día 2, porque si no formuló la cuestión a tiempo se debió a no haber recibido la notificación de haberse archivado en la corte por el márshal las diligencias relativas a su reclamación y porque tenía una buena causa de acción. Se acompañó un *affidavit* de méritos y se ofreció y practicó prueba en apoyo de la petición. Los demandantes intervinieron oponiéndose.

La corte tomó bajo su consideración el caso y por medio de una resolución razonada lo decidió en contra de la tercerista el 27 de octubre de 1928. Y contra esa resolución de la corte es que se ha interpuesto el presente recurso de apelación.

En el curso de su resolución la corte expresa su opinión de que el término de diez días fijado por la sección 11 de la Ley de Tercerías es fatal.

Las secciones 11 y 12 de dicha ley, secciones 5270 y 5271 de la Compilación de 1911, prescriben:

"Sección 11.—(Enmendada según la ley de 12 de marzo de 1908, pág. 49.) Tan pronto como recibiere el secretario de la corte el jura-

mento y la fianza, se lo notificará a todas las partes, quienes deberán comparecer a los diez días de notificadas, y si transcurrido dicho término, comparecieran las partes, la corte dispondrá que se formule por escrito la cuestión, procediéndose a su vista como en las demás causas, y serán siempre partes en el asunto las que lo fuesen en el que haya originado la tercería.

"Se establecerá la cuestión mediante una breve exposición de la naturaleza del derecho del reclamante al pretender reclamar como suyos y excluir de la orden de embargo los bienes en controversia y de la autoridad y derecho del demandado o demandados en dicho procedimiento al pretender someter los mismos bienes a la orden de embargo.

"Sección 12.—Si el demandante no compareciere después de habérsele notificado en debida forma, se desestimará la demanda por abandono de acción, y si no comparecieren los demandados se dictará la sentencia en su rebeldía."

La ley no puede ser más clara. Si no se comparece dentro del término fijado, se desestima la reclamación.

El juez de distrito no sólo expresó su criterio en relación con la ley, si que además examinó las circunstancias concurrentes y la prueba practicada a los efectos de decidir si se había o no comprobado que la notificación se había hecho a la tercerista. Concluyó que se había hecho. Y terminó su resolución como sigue:

"No creemos estar justificados en este caso para ejercer nuestra discreción anulando una sentencia dictada. Además, en el affidavit de méritos que acompaña a la moción, se vuelve a insistir en que su abogado le había abandonado el asunto, cuando es lo cierto que en la declaración prestada ante la Corte, manifestó que no había nunca hablado con el abogado Calzada, ni le había encomendado la gestión de su asunto. No creemos que éste sea un caso adecuado y propio para que ejercitemos nuestra discreción, si es que la tenemos, y por lo tanto, se desestima la moción de la tercerista o la peticionaria."

Aceptando que el término de diez días fijado por la sección 11 de la repetida Ley de Tercerías no pueda equipararse al fijado por el Código de Enjuiciamiento Civil para apelar y en tal virtud que pueda dispensarse en casos realmente apropiados, usando la corte las facultades que le

otorga el artículo 140 del dicho Código de Enjuiciamiento Civil, sabemos que aquí la corte pesó las circunstancias concurrentes, analizó la prueba practicada y decidió que no se trataba de un caso propio para ejercer su discreción.

Lo único que esta corte podría considerar en esta apelación es si la corte sentenciadora había cometido error manifiesto al apreciar las pruebas ¿y cómo hacerlo si las pruebas no están ante nosotros?

La apelación interpuesta resulta, pues, enteramente frívola, *y en tal virtud debe ser desestimada.*